1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

10

**CASEY ROBINSON**,

11
            Plaintiff

**No.**

12
        vs.

**COMPLAINT**

13

14
**MARLES, INC.**,  a Washington Corporation,
d/b/a **BURGERMASTER**

15
            Defendant

16

17
Plaintiff Casey Robinson, through his undersigned attorney, alleges as follows:

18
## I.   JURISDICTION, VENUE, AND PARTIES

19
1.1. This court has jurisdiction to hear plaintiff's federal statutory claims pursuant to 28

20
    U.S.C. § 1334 and  1343.  The court has original jurisdiction over plaintiff's claims under

21
    the Family and Medical Leave  Act (FMLA), 29 U.S.C. §§2601-2654, specifically 29

22
    U.S.C. §2617(a)(2), as this action  is brought by an eligible employee on behalf of

23
    himself.

24
1.2. Plaintiff Casey Robinson is a resident of Seattle, Washington.

25
1.3. Defendant Marles, Inc. is an employer licensed to do business in King County in the

26
    State of Washington, within the territorial jurisdiction of this court, and having its place

27
    of business where it employed the plaintiff in Seattle, Washington within the State of

28
    Washington, and within the territorial jurisdiction of this

**COMPLAINT -PAGE 1**

**LAW OFFICES OF PETER G. COGAN**
**119 FIRST AVE. S., STE. 500**
**SEATTLE, WA  98104**
**206-382-9896**

court. Defendant operates five restaurants in the Seattle metropolitan area doing business under the trade name of "Burgermaster".

1.4. At all times herein after mentioned, defendant Marles, Inc. was engaged in the business of providing goods and services in an industry affecting commerce. The defendant employed and continues to employ more than 50 employees during at least 20 weeks of 2011 and during at least 20 weeks of 2012 in Seattle, Washington, where it employed the plaintiff. It is an employer within the meaning of 29 U.S.C. §2611(4), engaged in commerce or in the production of goods for commerce in an industry affecting commerce as defined in 29 U.S.C. §142(1) and (3), and 29 U.S.C. §2611(1), 29 U.S.C. § 1003 (a) (3) in that a labor dispute would hinder commerce and the free flow of commerce.

1.5. In connection with said business, defendant Marles, Inc. regularly purchases goods and services from sources outside the State of Washington or has traveled in interstate commerce, and produces goods and services for sale outside the State of Washington.

1.6. From September 11, 2008 through April 7, 2012 defendant employed plaintiff in connection with the business of defendant Marles, Inc. in the capacity of using goods and services purchased from outside the State of Washington or which had traveled in interstate commerce. Plaintiff was employed for more than 12 months and performed more than 1,250 hours of labor for the defendant within the 12 months prior to April 7, 2012. Plaintiff was an employee and was employed by the defendant within the meaning of 29 U.S.C. §203(e), (g), 29 U.S.C. §2611(3), 29 U.S.C. § 1002 (6), and was an eligible employee within the meaning of 29 U.S.C. §2611(2)(A) and 29 U.S.C. §1002 (7). He was not in the highest paid 10% of all employees employed by the defendant and is therefore not affected by the exemption provided by 29 U.S.C. §2614(b). He is not affected by the exemption provided by 29 U.S.C. §2611(2)(B) because the defendant employed more than 50 employees in the Seattle

**COMPLAINT -PAGE 2**

metropolitan area.

## II. FACTS REGARDING PLAINTIFF'S FMLA CLAIMS

2.1 Plaintiff realleges those statements in paragraph 1 above;

2.2 Plaintiff was employed by defendant as cook at defendant's Burgermaster restaurant in University Village in Seattle, Washington from on or about September 11, 2008 through April 7, 2012.

2.3  On or about March 21, 2012 plaintiff was suddenly afflicted with a serious health condition, when he was a passenger in a vehicle involved in a serious automobile accident in which his wrist was broken. Plaintiff contacted defendant to inform them that he had been in an accident, had been taken to the hospital and was injured, and was unable to work at his scheduled shift on Thursday March 22, 2012 due to his injuries.

2.4  Plaintiff contacted defendant again prior to his scheduled shifts on March 23, 24, 25, & 26, 2012 and informed them that he was unable to work due to his injuries.

2.5 Defendant's manager/principal Melanie requested that he provide documentation of the medical basis for his absences on the aforementioned dates, but did not request that he provide a Certification of Health Care Provider.

2.6 Plaintiff came to defendant's University Village Burgermaster restaurant on or about the brought a note from his treating physician indicating that he had been absent from work because of a medical condition that he was being treated for, and that he would be unable to return to work at his job because of his injuries for an additional six weeks. Defendant did not request additional documentation, nor did it not provide plaintiff with any form for medical certification to have the health care provider fill out.

2.7 Plaintiff came to the defendant's Burgermaster restaurant where he worked on April 7, 2012 to pick up his outstanding paycheck.  At that time

**COMPLAINT -PAGE 3**

LAW OFFICES OF PETER G. COGAN
119 FIRST AVE. S., STE. 500
SEATTLE, WA  98104
206-382-9896

defendant informed him that he had been terminated, and that his position had been filled, that he would be unable to return to work.

## FIRST CAUSE OF ACTION- VIOLATION OF FMLA

3.1 Plaintiff realleges those statements in paragraphs I and II, above;

3.2 Defendant interfered with plaintiff's exercise of his right to take FMLA leave by terminating plaintiff's employment.

3.3 Defendant's termination of plaintiff was in violation of the Family and Medical Leave Act 29 U.S.C. § 2612, 2614, and 2615.

3.4 As a proximate result of defendant's wrongful acts aforementioned plaintiff suffered damages, including lost pay and benefits in an amount to be proven at trial.

**WHEREFORE** plaintiff realleges those statements in paragraphs 1-3 above, and prays this court for the following relief:

A. On plaintiff's first cause of action order defendant to reinstate plaintiff in his former position or to pay plaintiff front pay until he is reinstated or finds comparable employment elsewhere; order defendant to pay to plaintiff damages for violation of the FMLA 29 U.S.C. § 2615 in the amount of plaintiff's lost wages, employment benefits, and other compensation in an amount to be proved at trial, prejudgment interest on the same calculated at the currently prevailing rate; and order defendant to pay plaintiff liquidated damages in an amount equal to the amount of lost wages, employment benefits, and other compensation and the interest on same calculated upon the currently prevailing rate pursuant to 29 U.S.C. §2617 of the Family and Medical Leave Act; and order defendant to pay plaintiff's reasonable attorneys fees and costs of suit.

B.

C. Allow plaintiff to conform his pleadings to the proof at trial.

**COMPLAINT -PAGE 4**

LAW OFFICES OF PETER G. COGAN
119 FIRST AVE. S., STE. 500
SEATTLE, WA  98104
206-382-9896

D.  Order such other further relief as the court may deem fair and equitable.


**DATED** this 7th day of May, 2013.


/s/ Peter G. Cogan
Peter G. Cogan, WSBA # 14010
119 First Ave. S., Suite 500
Seattle, WA 98104
Ph: (206) 382-9896
Fax: (206) 682-3002
Email: coganlaw@yahoo.com

Attorney for Plaintiff

**COMPLAINT -PAGE 5**