The Honorable Thomas S. Zilly

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASEY ROBINSON,<br><br>                                   Plaintiff,<br><br>        v.<br><br>MARLES, INC., a Washington Corporation<br>d/b/a BURGERMASTER,<br><br>                                   Defendant. | No.  13-01058 TSZ<br><br>DEFENDANT'S ANSWER AND<br>AFFIRMATIVE DEFENSES TO<br>COMPLAINT |

Defendant Marles, Inc., dba Burgermaster (hereinafter "Defendant"), by and through its attorneys of record, hereby answers and responds to the Complaint as follows.

**JURISDICTION, VENUE, AND PARTIES**

1.1     Answering paragraph 1.1 of the Complaint, Defendant admits that this court has jurisdiction to hear this case.  Defendant denies the remaining allegations of this paragraph.

1.2     Answering paragraph 1.2 of the Complaint, Defendant is without sufficient information to form a belief as to the truth of the allegation in this paragraph and therefore denies the same.

1.3     Answering paragraph 1.3 of the Complaint, Defendant admits that Marles, Inc. is an employer licensed to do business in King County in the State of Washington, does business within the territorial jurisdiction of this court, and has a place of business at the location where it

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
COMPLAINT - 1
(Case No. 13-01058 TSZ)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone:  (206) 695-5100
Facsimile:  (206) 689-2822

employed Plaintiff in Seattle, Washington.   Defendant also admits that it operates three Burgermaster restaurants in Washington.   Defendant denies the remaining allegations of this paragraph.

1.4      Answering paragraph 1.4 of the Complaint, Defendant admits that Marles, Inc. is in the business of providing goods and services.   Defendant also admits that it employed more than 50 employees during at least 20 weeks in 2011 and 2012 in Washington where it employed Plaintiff.   Defendant is without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

1.5      Answering paragraph 1.5 of the Complaint, Defendant is without sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

1.6      Answering paragraph 1.6 of the Complaint, Defendant admits that Marles, Inc. hired Plaintiff in September 2008, and that the last day that Plaintiff performed work for Marles, Inc. was in March 2012.   Defendant also admits that Plaintiff was employed for more than 12 months prior to the last day of his employment with Marles, Inc.  Defendant is without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

### FACTS REGARDING PLAINTIFF'S FMLA CLAIMS

2.1      Answering paragraph 2.1 of the Complaint, Defendant repeats and incorporates its responses to paragraphs 1.1 through 1.6 above as if set forth fully herein.

2.2      Answering paragraph 2.2 of the Complaint, Defendant admits that Plaintiff was employed by Defendant as a cook and other positions at its Burgermaster restaurant located in University Village, Seattle, Washington from September 2008, and that the last day that Plaintiff performed work for Defendant was in March 2012.   Defendant denies the remaining allegations of this paragraph.

2.3      Answering paragraph 2.3 of the Complaint, Defendant admits that Plaintiff was injured in an automobile accident in March 2012.   Defendant is without sufficient information to

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
COMPLAINT - 2
(Case No. 13-01058 TSZ)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone:  (206) 695-5100
Facsimile:  (206) 689-2822

form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

2.4     Answering paragraph 2.4 of the Complaint, Defendant is without sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

2.5     Answering paragraph 2.5 of the Complaint, Defendant admits that it requested that Plaintiff provide medical documentation regarding the injuries that he sustained in the motor vehicle accident as it pertained to his absence from work.   Defendant is without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

2.6     Answering paragraph 2.6 of the Complaint, Defendant is without sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

2.7     Answering paragraph 2.7 of the Complaint, Defendant admits that Plaintiff was informed that his employment was terminated.   Defendant is without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

**FIRST CAUSE OF ACTION – VIOLATION OF FMLA**

3.1     Answering paragraph 3.1 of the Complaint, Defendant repeats and incorporates its responses to paragraphs 1.1 through 2.7 above as if set forth fully herein.

3.2     Answering paragraph 3.2 of the Complaint, Defendant denies the same.

3.3     Answering paragraph 3.3 of the Complaint, Defendant denies the same.

3.4     Answering paragraph 3.4 of the Complaint, Defendant denies the same.

**RELIEF REQUESTED**

A.     Answering paragraph A, Defendant denies that Plaintiff is entitled to any of the damages and/or relief requested from Defendant, including the relief requested in this paragraph.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
COMPLAINT - 3
(Case No. 13-01058 TSZ)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone:  (206) 695-5100
Facsimile:  (206) 689-2822

B.      Answering paragraph B, this paragraph is blank in the Complaint and therefore requires no response.

C.      Answering paragraph C, Defendant denies that Plaintiff is entitled to any of the damages and/or relief requested from Defendant, including the relief requested in this paragraph.

D.      Answering paragraph D, Defendant denies that Plaintiff is entitled to any of the damages and/or relief requested from Defendant, including the relief requested in this paragraph.

## AFFIRMATIVE DEFENSES

By way of further answer to the Complaint, and without waiving any allegations previously denied, Defendant asserts the following affirmative defenses:

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      The Complaint fails to allege sufficient facts or claims to support the recovery of the damages and relief sought in the Complaint.

3.      Pending further discovery, some or all of Plaintiff's claims are barred in whole or in part by Plaintiff's failure to exhaust his internal and/or administrative remedies.

4.      Pending further discovery, some or all of Plaintiff's claims are barred in whole or in part by the applicable Statutes of Limitations.

5.      Plaintiff's injuries and damages, if any, were caused or contributed to by Plaintiff's own acts, omissions, breaches of contract, and/or misconduct.

6.      Plaintiff's injuries and damages, if any, were caused or contributed to by the acts, omissions, breaches of contract or legal duties, and/or misconduct of third parties over whom Defendant had no control.

7.      Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate his damages, if any.

8.      Plaintiff's employment was at-will, and any changes in Plaintiff's employment status were for legitimate and lawful reasons.

9.      Plaintiff's claims and damages are barred in whole or in part because Defendant acted in good faith and with proper justification at all relevant times.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
COMPLAINT - 4
(Case No. 13-01058 TSZ)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone:  (206) 695-5100
Facsimile:  (206) 689-2822

10.     Plaintiff's claims are barred in whole or in part by assumption of risk, contributory/comparative negligence, waiver, consent, estoppel, laches, and/or unclean hands.

11.     Any recovery by Plaintiff is barred in whole or in part on the basis of the doctrine of after-acquired evidence.

12.     Some or all of the claims asserted in the Complaint are frivolous and without merit such that Defendant should be awarded its costs and attorneys' fees.

13.     All actions taken by Defendant with respect to Plaintiff were justified by business necessity.

14.     Some or all of the claims in the Complaint are barred by the exclusivity of remedies of the worker's compensation system.

15.     Pending further discovery, Plaintiff's claims may be subject to the defenses set forth in Civil Rule 12(b).

16.     Defendant reserves its right to amend this Answer to allege additional affirmative defenses and pursue other relief as may be warranted by discovery.

### DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, having fully answered the allegations contained in the Complaint, and having asserted its affirmative defenses, Defendant prays that:

1.     The Court dismiss all claims asserted by Plaintiff against Defendant with prejudice;

2.     The Court award to Defendant the costs, expenses, and attorneys' fees incurred by Defendant to defend against the claims asserted by Plaintiff; and

3.     For such other and further relief as this Court may deem just, equitable, and proper.

DATED this 4th day of November, 2013.

    *s/David W. Silke*
_____
David W. Silke, WSBA #23761
Derek A. Bishop, WSBA #39363
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone:  206-695-5100
Fax:  206-689-2822
dsilke@gordonrees.com

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone:  (206) 695-5100
Facsimile:  (206) 689-2822

dbishop@gordonrees.com
Attorneys for Defendant Marles, Inc. d/b/a
Burgermaster

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone:  (206) 695-5100
Facsimile:  (206) 689-2822

1
2
## DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day, I electronically filed a true and accurate copy of the document to which this declaration is affixed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Peter G. Cogan
Law Offices of Peter G. Cogan
119 First Ave. S., Ste. 500
Seattle, WA 98104
Ph: 206-382-9896
Fax: 206-682-3002
Email: coganlaw@yahoo.com

Dated this 4th day of November, 2013, at Seattle, Washington.

s/Holly L. White
Holly L. White, Legal Assistant

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
COMPLAINT - 7
(Case No. 13-01058 TSZ)

/17301306v.1

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone:  (206) 695-5100
Facsimile:  (206) 689-2822